(59 App. Div. 467.)

### COSSELMON v. DUNFEE et al.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

1. APPEAL—CONFLICTING EVIDENCE.
    Findings of the jury on conflicting evidence will not be disturbed on appeal.

2. INJURY TO EMPLOYE—NEGLIGENCE—EVIDENCE.
    Where plaintiff claimed that a hook on a derrick attachment, used in lifting buckets from a canal, was not sufficiently strong, and that it bent, allowing a bucket to slip off, injuring him, the fact that the hook had been used for some time was not conclusive as to its being sufficiently strong for the purpose.

3. SAME—TRIAL—QUESTION FOR JURY.
    Where plaintiff, whose duty it was to hook and unhook buckets from a derrick used in cleaning a canal, was injured by the bending of the hook, allowing a bucket to fall on him, and there was evidence that the hook had been used for some time, and had not bent before, and also some evidence that the hook was smaller than those ordinarily used, the question of assumed risk and contributory negligence was for the jury.

4. SAME—MEASURE OF DAMAGES.
    Where plaintiff, who was a strong and healthy young man, received injuries necessitating the amputation of a leg above the knee, a verdict for $7,000 damages will not be set aside as excessive.
    McLennan, J., dissenting.

Appeal from trial term, Cayuga county.

Action by Edward D. Cosselmon against John Dunfee and Charles G. Belden. From a judgment in plaintiff's favor, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

T. E. Hancock, for appellants.

F. D. Wright, for respondent.

WILLIAMS, J. The action was brought to recover damages for injuries to the respondent, alleged to have been caused by the negligence of the appellants. At the time of the accident, January 27, 1898, the appellants were canal contractors, and were engaged, at the place of the accident, in removing earth and débris from the bottom of the canal by means of a steam derrick, with boom, chain, and hook attachments. The materials to be removed were loaded into large buckets, to the bails of which the hook at the end of the chain was attached. The respondent was an employé of the appellants, working upon the derrick as a "hooker," and his business was to disconnect the hook from the empty buckets, as they were returned to the canal bottom, and connect it with the loaded buckets, which were to be lifted from the canal. While he was so engaged an empty bucket, returning to the canal bottom, fell upon him, and so injured one of his legs as to require its amputation between the knee and hip. The negligence of which the appellants were alleged to have been guilty was in failing to furnish a sufficiently strong hook, it being claimed that the hook in use, under the weight of the load and the strain put upon it, straightened out so as to let the bucket slip off, as it was being returned to the canal, and fall upon the respondent. The jury rendered a verdict for $7,000. Upon this appeal the questions involved are whether the evidence was sufficient to authorize the verdict, and whether there are any exceptions to the reception or rejection of evidence, or to the charge of the court, requiring a reversal of the judgment.

1. There was a controversy upon the trial as to the manner in which the accident occurred. The appellants claimed that the hook did not straighten out, or the bail become disconnected with the hook at all, but that the bucket struck the respondent while it was still connected with the hook, chain, and boom. This question was, however, one for the determination of the jury. There was clearly evidence sufficient to authorize the jury to find that the accident occurred as claimed by the respondent. This court would not be justified in disturbing the finding of the jury upon this question.

2. There was disagreement also upon the trial as to the size of the hook in use when the accident occurred. The respondent claimed it was only $1\frac{1}{4}$ inches in diameter, while the appellants claimed it was larger. This question of fact was closely connected with the one already referred to. The appellants produced a hook at the trial which they claimed was the identical one in use at the time of the accident. It was larger than $1\frac{1}{4}$ inches, and was not, and so far as appeared

never had been, straightened out. The respondent denied that this was the hook used when the accident occurred, and claimed that the one in use then was smaller, and was actually straightened out when taken from the chain immediately after the accident. The evidence bearing upon this question was such as necessarily to carry it to the jury. We cannot interfere with their finding in favor of the respondent.

3. There was contention at the trial as to whether a hook only 1¼ inches in diameter was reasonably safe for the purposes for which it was used, and evidence was given upon both sides bearing upon this question. The weight of the load lifted from the canal in each bucket, including the bucket itself, was given, and the strain put upon the hook in starting the bucket from the bed of the canal suddenly, beyond the mere weight being lifted, appeared. There was evidence given that the hook in general use was larger than 1¼ inches, and the fact found by the jury that this hook did in fact straighten out under the load and strain put upon it at the time of the accident, and the opinions of experts were also given upon this question. The fact that the hook had not failed during its use for some time before the accident was not conclusive as to its being sufficiently strong for the use made of it. The jury found upon all the evidence upon this subject favorably to the respondent, and their finding cannot be set aside by this court.

4. The charge upon this branch of the case was a fair one, and the jury arrived at the conclusion that the accident and respondent's injuries were caused by the negligence of the appellants in failing to furnish a reasonably safe appliance for the use of its employés. There was no error in this determination calling for a reversal of the judgment.

5. The questions of assumed risk, and the absence of contributory negligence, were, upon the evidence, clearly for the jury, and not for the court. It could not be said as a matter of law that the respondent knew, or should have known, that the hook was not sufficiently strong for the use being made of it, or that there was danger in using it, nor could it be said as matter of law that he failed to exercise due care in the use of the hook, or in the performance of his duties, at the time of the accident. There is no ground for saying the jury were bound to find that the hook had commenced opening before the last load lifted by it from the canal, so that the respondent could see it was defective before it fell upon him.

6. We cannot say the damages awarded by the jury were excessive. The loss of the leg was a certain injury. There could be no mistake about that. Respondent was a young, healthy man, and the loss of the member, together with all the pain and suffering he endured, seemed to the jury to call for a verdict of $7,000. Under the well-settled rules of law, we should not disturb the verdict fixing this amount of damages.

7. We do not find any exceptions to evidence or to the charge referred to in the appellant's points. Upon the argument, however, counsel discussed some exceptions taken to evidence given by respondent's expert witness Cook. He was a mechanical engineer, and tes-

tified to special study, experiments, and practical experience with reference to the subject about which he was interrogated. We think he showed himself to be an expert, so as to enable him to testify as such with reference to the questions put to him, and we find no reversible error in the ruling of the trial court as to his evidence.

For the reasons herein suggested, we conclude that the judgment and order appealed from should be affirmed, with costs. So ordered. All concur, except McLENNAN, J., who dissents.