affidavits or not in reaching his determination. The affidavits do not appear in the record. There is no suggestion that they contained anything different from what the witnesses testified to upon the trial, where the petitioner had a full opportunity to develop the truth by cross-examination or by direct evidence to the contrary if such evidence could have been produced. The deputy commissioner certifies "that after the termination of the said trial, hearing, and investigation, the said charges and specifications, testimony taken, and proceedings had were duly considered by the aforesaid second deputy police commissioner," and the evidence and record thus considered are amply sufficient to justify the result reached. So far as the record discloses, there was a fair trial upon the merits, and the fact that the respondent failed to deny the allegation that the relator was told by some one and believed that the affidavits of these men who appeared as witnesses were considered in reaching the result, assuming that such an allegation could be denied under oath, cannot compel the conclusion that legal error has been committed.

The determination of the second deputy police commissioner being supported by the evidence, and no error appearing in the proceeding, the determination should be confirmed, with costs.

---

(100 App. Div. 234)

## GRANT v. NATIONAL RY. SPRING CO.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1905.)

1. JURY—EXAMINATION—PROPRIETY—CONTINUANCE.
   In an action for personal injuries, a question put to the jurymen by plaintiff's counsel, as to whether any of them were interested, as agents or stockholders, in any corporation insuring against liability for negligence, was proper; and, irrespective of the motive of counsel, it was error, because of such question, to put the case over for the term, and impose costs on plaintiff.

Appeal from Special Term, Oswego County.

Action by Frank Grant against the National Railway Spring Company. From an order putting the cause over the term at which the trial was begun, and requiring plaintiff to pay defendant a term fee, trial fee, and taxable disbursements for the term, plaintiff appeals. Reversed.

See 82 N. Y. Supp. 1101; 83 N. Y. Supp. 1021.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and STOVER, JJ.

Charles N. Bulger and D. P. Morehouse, for appellant.
Hancock, Hogan & Devine, for respondent.

WILLIAMS, J. The order appealed from should be reversed, with costs.

The action was to recover damages for personal injuries alleged to have been the result of defendant's negligence. The case came on at the Trial Term of the court. The trial was moved, and the impaneling of the jury was commenced. Plaintiff's counsel asked the following question: "Q. Are any of the jurymen interested, as agents or stockhold-

ers, in any insurance company insuring corporations against liability
for negligence?" The defendant's counsel objected to the question.
The court said: "Yes; the case may go over the term, if asked by
defendant." The counsel for defendant then asked that the case go
over the term on the payment of costs, and the court so ordered. Plain-
tiff's counsel asserted the right to ask the question, and thereupon the
court said the question was asked in bad faith, with the desire and in-
tent of influencing the jury improperly against the defendant; that
such questions had been repeatedly ruled as improper, and the only
suitable punishment for asking the question was to put the case over
the term, and impose the costs upon the side that offended against the
ordinary and proper practice. An exception was taken to the ruling,
and this appeal raises the question as to the right to make the order.

Before indulging in any general reasoning with reference to the
matter, it is well to inquire just what the courts have held on the sub-
ject.

In Wildrick v. Moore, 66 Hun, 630, 22 N. Y. Supp. 1119, the mem-
orandum in the report is merely "that the evidence as to the defendants
being insured against loss by injuries to their employés, and the com-
ments thereon by the counsel to the jury, were improper." We have
no means of referring to the record in that case, and cannot, therefore,
say how the question arose, what the nature of the evidence was, or
whether it was competent and material.

In Cosselmon v. Dunfee, 59 App. Div. 467, 69 N. Y. Supp. 271,
affirmed 172 N. Y. 507, 65 N. E. 494, this question was not considered
by the Appellate Division. It does not appear to have been raised by
counsel. In the Court of Appeals, however, counsel did suggest the
question, and the court said:

"We affirm this judgment without opinion, but feel constrained to refer
to an occurrence on the trial that has become too frequent in negligence cases.
Counsel for plaintiff asked a witness for defendants this question: 'Do you
know whether they carry insurance for accident to their employés?' This
question was objected to as incompetent, and objection sustained. While
the learned trial judge made a proper disposition of the matter, nevertheless
the propounding of the question was calculated to convey an improper im-
pression to the jury. The inquiry into the matter of insurance is not material,
and the practice of asking a question that counsel must be assumed to know
cannot be answered is highly reprehensible, and, where the trial court or Ap-
pellate Division is satisfied that the verdict of the jury has been influenced
thereby, it should for that reason set aside the verdict."

An examination of the record shows that this question, in this case,
was entirely incompetent and immaterial.

In Manigold v. Black River Traction Co., 81 App. Div. 381, 80 N.
Y. Supp. 861, Smith, the defendant's superintendent, was a witness,
and testified that he visited the plaintiff before the trial, and requested
an interview later with reference to a settlement of the case, and that
one Dr. Rockwell was with him at the time. On cross-examination
the witness was asked who Dr. Rockwell was. The witness replied, a
friend of his. Counsel asked who Rockwell represented, and the court
sustained defendant's objection thereto. The counsel then asked if
Dr. Rockwell did not go there to try and settle with plaintiff, repre-
senting an insurance company back of defendant. The court sustained
the objection to the question, declared it to be improper, struck out all

the questions and answers as to Dr. Rockwell, and directed the jury to disregard them. Dr. Rockwell was not a witness in the case, and it was entirely immaterial who he was, or whether he represented any insurance company that was interested in the action. It was held on appeal that this was an error requiring a reversal of the judgment; citing and relying on Cosselmon v. Dunfee, supra, and referring also to Wildrick v. Moore, supra.

Following these cases are two cases decided by the Appellate Term of the Supreme Court in New York City. Lipschutz v. Ross (Sup.) 84 N. Y. Supp. 632, and Lassig v. Barsky (Sup.) 87 N. Y. Supp. 425. These cases cited and relied upon the cases referred to by us above. In the latter case, facts are not stated from which we can say whether the examination of jurors and witnesses, which disclosed the fact that an insurance company was interested in the action, was by competent and material questions, or not. In the former case, during the examination of jurors, it appeared that one of them was an agent for a company engaged in insuring employers against accidents to employés, and counsel then said he wanted to inquire whether that insurance company was interested in this action. The court said, if it was so interested, the plaintiff had a right to know it. Objection and exception were taken to the remark of court and counsel. It does not appear from the report what the answer to the proposed inquiry was, or whether the insurance company was so interested. The court, on appeal, reversed for this alleged error of the trial judge, and remarks of counsel.

It will be seen, from this examination of the cases—the only ones to which our attention is called by counsel, or that we have discovered—the question here involved has not been settled. Some of the cases cited relate to the taking of evidence, and not the examination of jurors, and as to the taking of evidence the rule is very clearly stated by the Court of Appeals in Cosselmon v. Dunfee, supra: "The practice of asking a question that counsel must be assumed to know cannot be answered is highly reprehensible." That is, the asking of a question clearly incompetent, and not for the purpose of eliciting any material evidence, but with the ulterior design of disclosing the fact that an insurance company is interested in the litigation, is condemned. It is only when the question is incompetent and immaterial, however, that the motive of counsel is to be considered. Suppose an insurance company is interested in the action, and a witness is sworn by the defense, and gives important evidence, and he is a stockholder in the insurance company, may not these facts be shown on cross-examination, as bearing upon the credibility of the witness and the weight to be given to his evidence; and can such evidence be excluded because of any ulterior motives of counsel to disclose the fact that the insurance company is interested in the case? Clearly not. No court has ever held any such doctrine. The same must be true as to the examination of jurors. In a negligence case, counsel for plaintiff very properly desires to be sure that no person sits on the jury whose business or interests lead him to have a prejudice against negligence cases. Whether his action is against a railroad or other corporation or individuals, he has a right to inquire if any of the jurors are stockholders or employés of railroad or other corporations that have occa-

sion to defend negligence actions. Why? Because such stockholders or employés might well have such prejudice, and whether they admit they have, or not, so as to be subject to a challenge for bias, or only a peremptory one. Questions upon the line suggested cannot be said to be improper or immaterial. This would seem to be true. Well, then, to go a step farther: This kind of insurance against loss by employers by reason of injuries to their employés has become very general. Innumerable companies and corporations are engaged in this kind of insurance business, and it is not a rare thing for such an insurance company to be interested in negligence actions. Its stockholders and employés, therefore, would be objectionable as jurors to plaintiff in such actions. May not inquiry be made in any case whether any of the jurors are stockholders or employés of such insurance companies? Is not such an inquiry perfectly proper, competent, and material? It cannot be doubted. The inquiry in this case did not imply that such an insurance company was interested in this case. The inquiry was not made as to any company interested in this case, but as to any and all such insurance companies. If there was no such insurance company in the case, it could do no harm, certainly. If some insurance company was interested in the case, then there was good reason why the plaintiff's counsel should inquire and be certain that no juror interested in that particular insurance company or any other like company was on the jury.

It may be claimed that counsel often make these inquiries when they have no reason to suppose there are any persons among the jurors interested in these insurance companies. The answer is, they do not know, and inquire for information. It is not safe to assume in these times that men summoned upon petit juries may not be interested as stockholders in any companies that are likely to make money and pay good dividends. Men do not disclose to the public where their money is invested. The only safe way is to ask if they have such interests. The questions are proper and competent, and the court may not exclude answers to such inquiries, or charge counsel with bad faith or improper motives in making the inquiries. If the questions are proper, it is not important what the motives of counsel may be. Only where the questions are clearly incompetent and immaterial can bad faith be alleged, and the counsel and his client be punished therefor. In this case the question was clearly competent and proper, and therefore, regardless of the motives of counsel, the answer should have been received.

The order was erroneously made, and must be reversed, with costs. All concur.