ANDERSON v. STANDARD PLUNGER ELEVATOR CO.

(Supreme Court, Appellate Term.    December 16, 1908.)

1. MASTER AND SERVANT (§ 330*)—LIABILITY FOR INJURIES TO THIRD PERSON
—ACTIONS—SUFFICIENCY OF EVIDENCE.
    In an action by a third person against a master for injuries caused by
a servant's negligence, evidence *held* to sustain a verdict for plaintiff.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1272;
Dec. Dig. § 330.*]

2. APPEAL AND ERROR (§ 1045*)—HARMLESS ERROR—PREJUDICIAL EFFECT.
    In an action against a master for injuries by a servant's negligence,
plaintiff's counsel asked the jury before they were sworn if any of them
were stockholders in a certain insurance company, whereupon defendant
asked for a mistrial on the ground that the question tended to show that
defendant carried employers' liability insurance, but the question was
not pursued further, and the motion for a mistrial was denied. *Held*
that, even if the question was not proper, it was not reversible error;
the small amount of the verdict for plaintiff, which was amply sustain-
ed by the evidence, showing it was not prejudicial.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4124;
Dec. Dig. § 1045.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Victor Anderson against the Standard Plunger Elevator
Company.    From a judgment for plaintiff, defendant appealed.    Af-
firmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Frank V. Johnson (Harry S. Austin, of counsel), for appellant.
Swanstrom & Keyes (Axel Josephsson, of counsel), for respondent.

GIEGERICH, J.    The action is brought to recover damages for a
personal injury alleged to have been sustained by the plaintiff by rea-
son of the negligence of the defendant's servants.

The pleadings were in writing, and the answer was a general denial,
and that the accident was due to the contributory negligence of the
plaintiff or to the negligence of some third person or persons over
whom the defendant had no authority or control.    The plaintiff testi-
fied that on the day of the accident he was in the employ of the Hecla
Iron Works, and was engaged upon the iron work of a building then
in course of construction; that he was working on the eleventh floor
of the building upon the doors of the elevator shaft, and that certain
of the work had to be done inside the shaft; that the top of the elevator
car was then standing at a level with the eleventh floor; that two elec-
tricians, not in the employ of the Hecla Iron Works, were working
on the top of the car; that the car afterwards went down the shaft,
and that he then laid a plank across the beams in the shaft and went
out on it and worked from that position; that in at most 10 minutes
the car came up again and struck him, inflicting the injuries complain-
ed of; and that, while working on the plank, he had looked out for
the approach of the car "once in a while."    The plaintiff also called as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
113 N.Y.S.—38

a witness the man who was running the elevator at the time of the accident, and he testified that both himself and the men working on the top of the elevator were in the employ of the defendant. The plaintiff also proved by another witness, who was working with him at the time, that before going into the elevator shaft they asked one of the men on the top of the car whether they could go into the shaft and he told them that they could; that the elevator was going down and would be down about half an hour, and that he would be on top of the car when it did come up and would let them know; but that, as a matter of fact, the car returned in 10 minutes or less, and struck the plank on which the plaintiff was working, carrying him up with it, and thus causing the injuries complained of. It had been previously testified that at the time of the conversation with the electricians on top of the car just mentioned the car was being run under their directions, and was being used, in effect, as a moving scaffold for them to work upon. It was also proved that at the time of the accident one of the electricians was inside the car, but there was no one on top of it. The defendant offered no evidence, but moved for the direction of a verdict in its favor, which motion was denied. The case was submitted to the jury, who found for the plaintiff. The verdict appears to be amply sustained by the evidence.

A further question, presented by the defendant's exceptions, noted as hereinafter stated, requires consideration. In examining the jury before they were sworn, a question was asked by the plaintiff's attorney which counsel for the appellant insists was improper, as it tended to show that the defendant carried liability insurance, and he claims that a mistrial should have been ordered. The record on this point reads as follows:

"Plaintiff's Counsel (in interrogating the jury): Are any of these gentlemen interested or stockholders in the Travelers' Insurance Company?

"Defendant's Counsel: I ask for a mistrial.

"Plaintiff's Counsel: I ask your honor to allow me to put the whole question.

"The Court: You must refrain from any further comment of that kind.

"Defendant's Counsel: Is the motion denied?

"The Court: Yes.

"Defendant's Counsel: I take an exception to the denial of the motion for a mistrial.

"Defendant's Counsel: Before the jury is sworn, I wish to raise an objection to proceeding with the trial before this jury, on the ground stated at the time the jury were under examination by my learned opponent. * * * (Objection overruled. Exception.)"

In my opinion there was no error committed in the denial of the defendant's motion (Rinklin v. Acker, 125 App. Div. 244, 109 N. Y. Supp. 125; Grant v. National Railway Spring Co., 100 App. Div. 234, 91 N. Y. Supp. 805), but it is unnecessary to decide the point because, even if the question was not strictly proper the matter was not referred to at any later stage of the case, and I am satisfied that the jury were not influenced by the incident, as the verdict was abundantly sustained by the evidence, and was for a small amount considering the extent of the injuries. Under such circumstances, I do not think we are called upon to reverse the judgment, even though we do not decide that the plaintiff was entitled to ask the question as

a matter of right.   Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494; Stouter v. Manhattan Railway Co., 127 N. Y. 661, 663, 27 N. E. 805.

The judgment should therefore be affirmed, with costs.   All concur.