case, the child is of very tender years, and there having been no adoption pursuant to statute, the duty of a court of equity to interfere with the agreement in the interest of the child seems to me to be presented. No doubt Mr. and Mrs. Foos have become quite fond of this child, and will care for it, if permitted to, as faithfully and lovingly as the mother. But such an agreement as was here made by her mother, considering the circumstances in which she was placed at the time, should not be held against her, when she evinces the natural desire to reobtain her child, and a willingness and an ability to care for it as well. The relation of mother and child is paramount to all other considerations here shown, and the humane and just thing to do is to give her back her child.

Writ sustained.

---

### ODELL v. GENESEE CONST. CO.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1911.)

1. TRIAL (§ 108½*)—MISCONDUCT OF COUNSEL—SHOWING INDEMNITY INSURANCE.

In an action for personal injuries alleged to have been negligently inflicted, it is improper for plaintiff's counsel during the impaneling of the jury to, in any manner, bring to the attention of the jury the fact that defendant has indemnity insurance protecting him from liability arising from the negligence charged in the complaint.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 108½.*]

2. JURY (§ 131*)—COMPETENCY OF JURORS—EXAMINATION—INTEREST IN INDEMNITY INSURANCE COMPANY.

In an action by a servant against his master for personal injuries, a question propounded to the jurors by defendant's counsel as to whether they were interested as stockholders or directors in any insurance company that insured against accident should have been allowed, and it was improper to require defendant to first show that defendant had indemnity insurance.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 131.*]

3. JURY (§ 149*)—MISCONDUCT IN RESPECT TO JURY—DISCHARGE OF JURY.

Where, in an action for personal injuries, the court, on defendant propounding to a juror the question whether he was interested as a stockholder or director in any indemnity insurance company, permitted plaintiff to first introduce evidence showing that defendant in fact had indemnity insurance, defendant's motion to discharge the jury and continue the case over the term was improperly denied.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 149.*]

Appeal from Trial Term, Monroe County.

Action by Herbert Odell against the Genesee Construction Company. From a judgment for plaintiff and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Reed & Shutt, for appellant.
James M. E. O'Grady, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WILLIAMS, J.  The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action is for negligence.  The plaintiff was an employé of defendant and was injured while engaged in his work upon defendant's building.  The facts relating to the accident are not necessary to be stated, as a reversal must be had for errors committed before the taking of the evidence began, while the jury was being impaneled.  Plaintiff's counsel inquired of a juror, in the presence of the whole jury who sat in the case, viz.:

"Are you interested as a stockholder or director in any insurance company that insures against accidents?"

Defendant's counsel objected to this question as incompetent and improper.

The court ruled that the question would be competent if the fact was shown in the case that there was any indemnity held by the defendant, and that plaintiff's counsel might take such course as he desired to prove that fact in order to lay a foundation for the question asked the juror.

Thereupon, under objection, the defendant's counsel was called and sworn and examined at considerable length as to whether the defendant had such indemnity insurance.  There were questions asked, objections interposed, and remarks by the court, which must have led the jury to believe there was such indemnity, and defendant's counsel was trying to cover up and conceal the fact.  He was asked to concede the fact of indemnity and refused to do so, and finally the court offered to take the statement of defendant's counsel on the subject, and to grant a motion by him to put the case over the term if he said there was no indemnity.  The counsel refused to so state, and asserted that there was, and moved to put the case over because of what had taken place, on the ground that the fact of indemnity had been made to appear, and would prevent a fair and impartial trial.  The court refused to grant the motion by defendant and continued the trial.  Some remarks were made by the court in the charge upon this subject wherein the fact of indemnity was stated; but the jury were warned against being influenced by the fact in their decision of the case.

[1] It has long been the settled law of this state that the fact of indemnity should be kept from the jury, should not be proved by witnesses or alleged by counsel for the plaintiff, and yet it was proven in this case by plaintiff's counsel under the ruling of the court, against the most vehement protests and objections by defendant's counsel.  This was erroneous.  The court seemed to have overlooked and misunderstood the position taken by this court in Grant v. N. R. Spr. Co., 100 App. Div. 234, 91 N. Y. Supp. 805.  Let us recall what was held by us in that case.  At the commencement of the trial, a question, substantially like the one plaintiff's counsel asked in this case, was put to a juror.  The defendant's counsel objected, and thereupon the court ordered the case over the term and charged the plaintiff with costs.  After reviewing some cases already decided, the opinion of this court proceeded as follows:

"The asking of a question (of a witness), clearly incompetent, and not for the purpose of eliciting any material evidence, but with the ulterior design

of disclosing the fact that an insurance company is interested in the litigation, is condemned. It is only when the question is incompetent and immaterial, however, that the motive of counsel is to be considered. Suppose an insurance company *is* interested in the action, and a witness is sworn by the defense, and gives important evidence, and he is a stockholder in the insurance company, may not these facts be shown, on cross-examination as bearing upon the credibility of the witness, and the weight to be given to his evidence, and can such evidence be excluded, because of any ulterior motive of counsel to disclose the fact that the insurance company *is* interested in the case? Clearly not. No court has ever held such doctrine. The same must be true as to the examination of jurors. In a negligence case, counsel for plaintiff very properly desires to be sure that no person sits on the jury whose business leads him to have a prejudice against negligence cases. Whether his action is against a railroad, or other corporation, or individuals, he has a right to inquire if any of the jurors are stockholders or employés of railroad or other corporations that have occasion to defend negligence actions. Why? Because such stockholders or employés might well have such prejudice and whether they admit they have or not, so as to be subject to a challenge for bias, or only a peremptory one. Questions upon the line suggested cannot be said to be improper or immaterial. This would seem to be true.

"Well, then go a step further. This kind of insurance against loss by employers, by reason of injuries to their employés, has become very general. Innumerable companies and corporations are engaged in this kind of insurance business, and it is not a rare thing for such an insurance company to be interested in negligence actions. Its stockholders and employés would be objectionable as jurors to plaintiffs in such actions. May not inquiry be made in any case, whether any of the jurors are stockholders or employés of such insurance companies? Is not such an inquiry perfectly proper, competent, and material? It cannot be doubted. The inquiry in this case did not imply that such an insurance company *was* interested in the case. The inquiry was not made as to any company interested in this case, but to any and all such insurance companies. If there was no insurance company in the case, it could do no harm certainly. If some insurance company *was* interested in the case, then there was good reason why the plaintiff's counsel should inquire and be sure that no juror interested in that particular insurance company or any like company was on the jury. It may be claimed that counsel often made these inquiries when they have no reason to suppose there are any persons among the jurors interested in these insurance companies. The answer is they do not *know*, and inquire for information. It is not safe to assume, in these times, that men summoned on petit juries may not be interested as stockholders in any companies that are likely to make money and pay good dividends. Men do *not* disclose to the public where their money is invested. The only safe way is to ask if they have such interests. The questions are proper and competent, and the court may not exclude answers to such inquiries or charge counsel with bad faith or improper motives in making the inquiries. If the questions are proper, it is not important what the motive of counsel may be; only where the questions are clearly incompetent and immaterial can bad faith be alleged and the counsel and his client punished therefor."

This case was cited and a like doctrine held in Blair v. McCormack Con. Co., 123 App. Div. 30, 107 N. Y. Supp. 750, affirmed in 195 N. Y. 521, 88 N. E. 1115, without opinion. Also in Rinklin v. Acker, 125 App. Div. 244, 109 N. Y. Supp. 125.

[2, 3] The question asked by the plaintiff's counsel in this case was, under the foregoing authorities, perfectly proper, and the objection thereto should have been overruled and an answer taken. There was no reason for limiting the question to an insurance company proved to be interested in the action. There was no occasion for the plaintiff to prove whether any and what insurance company was indemnity for the

defendant as to the accident, and it was improper for the court to so rule and thus bring about the controversy which followed and which fully disclosed to the jury that there was indemnity in the case, and clearly by the well-settled law of the state, when such disclosure was made, the defendant was entitled to have the jury discharged and the case go over the term. All concur.