MARY F. STOUTER, Respondent, *v.* THE MANHATTAN
RAILWAY COMPANY, Appellant.

*Court of Appeals, June 2, 1891.*

1. *Appeal.   Objections.*—That questions excluded upon objection suggest
   something which the jury have no right to consider, is not, in the
   absence of persistence amounting to abuse, a ground for reversal.
2. *Same.*—A general objection to testimony will be disregarded unless it
   clearly appears that the specific objection, if it had been properly
   made, could not have been obviated.
3. *Same.*—When a party calls upon the court to make a ruling in his favor,
   he must specify with reasonable clearness, the point that he desires con-
   sidered and decided, in order to predicate error upon an exception to the
   ruling against him.
4. *Evidence.   Expert.*—A medical expert, after testifying, from his per-
   sonal observation, to the injury and the subsequent condition of the in-
   jured person, may give an opinion as to whether the injury was the cause
   of the condition.

Appeal from a judgment of the general term of the su-
preme court, in the second judicial department, affirming a
judgment, entered on a verdict and also affirming an order
denying a motion for a new trial.

Action for personal injuries caused, as alleged, by the
negligence of the defendant.

On December 31, 1887, the plaintiff was a passenger upon
a train operated by the defendant, going north on the main
branch of its elevated railroad in Third avenue.   At Thirty-
fourth street a side track running to the ferry at the foot of
that street is connected with the main line by means of a
curve.   As the car in which plaintiff was seated passed over
the frog at the junction of the two lines at Thirty-fourth
street, it was run into by an engine on the side track and she
was injured by the collision.

*Samuel Blythe Rogers*, for appellant.

*Martin J. Keogh*, for respondent.

VANN, J.—The defendant claims that the trial court erred in allowing evidence to be given by the plaintiff that, after she was injured, a stop-block was placed upon the side track as a precaution against further accidents.

A careful inspection of the record, however, fails to show any evidence of that kind. The nearest approach to it was when the engineer who operated the engine that collided with the train was on the stand as a witness for the plaintiff. On being asked if a diagram shown him correctly represented the scene of the accident, he replied that it did, with one exception. When asked to state the exception he answered: " There is a portion of a chock-block here at present," obviously referring by " here " to the map, which was the only subject of inquiry. The defendant's counsel moved that the answer be stricken out, without stating any ground, and took an exception to the denial of his motion. The next question that was answered by the witness was put by the trial justice, who asked : " What is the difference between its state on the 31st of December and (the) state of it as represented on that diagram ? " The witness answered, under objection and exception : " That represents a chock-block as being there."

The object of this testimony was simply to prepare the way for the introduction of the map, and the substance of it was that there was a chock-block represented on the map that was not on the track at the time of the accident, but there was no evidence that a chock-block was placed on the track after the accident. Before the map was put in evidence the representation of the stop-block was struck off by direction of the trial judge, who in giving the direction said : " If it is intended to show that any change has been made there now, that is inadmissible, and not being susceptible of direct testi-

mony, the court does not think it fair that it should get in indirectly as marked on the diagram, so that will be stricken off."

While the course pursued at the trial may have suggested to the jury that a block was placed on the track after the accident, there was no evidence before them upon the sub-ject, and it cannot be presumed, under the circumstances, that they were influenced by that which was merely sug-gested, but not proved. Questions excluded upon objection frequently suggest something that the jury have no right to consider, but this, in the absence of persistence amounting to abuse, is not a ground for reversal, because they are presumed not to have considered it. If a party fears that they may be influenced by anything outside of the case, he should ask that they be instructed to disregard it. Gall *v.* Gall, 114 N. Y. 109, 122 ; 22 N. Y. State Rep. 746 ; Holmes *v.* Moffat, 120 N. Y. 159 ; 30 N. Y. State Rep. 779.

After the plaintiff had rested the same witness was called by the defendant and gave evidence in its behalf as to his efforts to stop the engine by applying the brakes and open-ing the throttle. On his cross-examination, after proof had been made without objection, that there was no chock-block on the side track when the accident happened, he was asked "if a stop-block had been there would your train have collided with the Third avenue train in your opinion ? " A general objection was interposed and over-ruled, when the witness answered, " I don't think it would."

This ruling is challenged by the defendant upon the ground that no proof was previously made that the side track had been found by experience to be unsafe, or that chock-blocks were in practical use for railway junctions. This question, however, is not before us, because it cannot be raised by a general objection. If the ground now relied upon had been made the basis of an objection, *non constat* that which is insisted upon as wanting would have been supplied, as it was possible to supply it by evidence.

"It is the well settled law," as this court has held, "that objections to testimony without assigning any ground therefor will be disregarded, unless it clearly appears that the objection, if properly made, * * * could not have been obviated." Levin *v.* Russell, 42 N. Y., 251, 255. " This principle should always be applied when the defect is not so radical as to be incapable of being remedied." Cary *v.* White, 59 N. Y. 336, 340 ; Bergmann *v.* Jones 94 Id. 51, 58.

A previous question, different in form but similar in substance, put to the same witness, was objected to as immaterial, irrelevant and incompetent, but it was not answered. The counsel for the defendant now insists that the general objection to the question that was answered should be regarded as including the more specific objection to the question that was not answered, because the former immediately followed the latter. Even on this basis, however, as the evidence offered was not in its essential nature incompetent the objection was too general. It did not call the attention of the court to the point that further proof was insisted upon as necessary before the question could be properly answered. As we have recently held, when a party " calls upon the court to make a ruling in his favor, he must specify with reasonable clearness the point that he desires considered and decided, in order to predicate error upon an exception to the ruling against him." Sterrett *v.* The Third National Bank of Buffalo, 122 N. Y. 659, 662; 34 N. Y. State Rep. 241.

A physician called by the plaintiff testified that he saw her on the day she was injured and found that her sixth rib was broken near its junction with the cartilage and just below the left breast; there was a bruise over the seat of the fracture that extended a little above it; that she was confined to her bed for about six weeks, and that about three months after he first saw her she gave birth to a child. He was then asked the question: " You can tell any trouble that you, as

a physician, can connect with the injury; any trouble that occurred after the birth of the child that you, as a physician, believe was a result of the original injury?" Objection was made by the defendant to this question as too remote, irrelevant and incompetent, but the witness was permitted to answer as follows: " After the birth of the child she had an inflammation of the breast, of the left breast, which resulted in an abscess in the breast, the formation of pus matter, which caused her a great deal of pain and suffering for several weeks; the breast broke once and was lanced twice; the formation of the abscess was in the very region where the bruise was that I saw immediately after the accident, right in the neighborhood of the fractured rib; I attributed the cause of the abscess and the inflammation to that bruise; she suffered from that for several weeks; she finally recovered from it and I have not seen her since."

No objection was made to the form of the question, and if the answer contains nothing objectionable, the ruling may be sustained even if the question was improper. The witness confined himself to facts within his knowledge for the greater part of his answer, but in connecting the inflammation and abscess with the bruise, he expressed an opinion upon a point which the defendant insists was not properly the subject of expert evidence.

The question presented, therefore, is whether the physician, after testifying to his personal observation of the bruise and the fracture and the subsequent inflammation and abscess in the same place, could state that in his opinion as an expert, the latter were caused by the former?

The opinion of a medical expert, based upon facts within his own knowledge and observation as to the nature of the affection from which a party is suffering and whether it was produced by violence or disease, has long been held competent by this court. Matteson *v.* N. Y. C. R. R. Co., 35 N. Y. 487, 491. The cause or effect of a physical injury can frequently be proved in no other way than by the opinions

of those specially qualified by experience and study, based upon facts in evidence and either known to the witness or assumed to be true. Filer *v.* N. Y. C. R. R. Co., 49 N. Y. 42, 46 ; Lawson's Expert Evidence, 107.

The cases are numerous which hold that it is competent to show by the opinions of medical experts that an injury received was the cause of the condition of the person injured, and among them some recently decided by this court. McClain *v.* Brooklyn City R. R. Co., 116 N. Y. 459, 468 ; 27 N. Y. State Rep. 549 ; Turner *v.* City of Newburgh, 109 N. Y. 301, 308 ; 15 N. Y. State Rep. 93 ; Ehrgott *v.* The Mayor, etc., 96 N. Y. 264.

The criticism that the question did not limit the opinion to the facts proved does not apply to the answer, which first states the fact and then the opinion based thereon.

We find no error in the record that requires a reversal, and the judgment should, therefore, be affirmed.

Judgment affirmed, with costs.

All concur.

---

### NOTE.

See further as to general objection, Wilson *v.* Kings County E. R. R. Co., 114 N. Y. 487; Crawford *v.* Met. E. Ry. Co., 120 Id. 624; Ward *v.* Kilpatrick, 85 Id. 413; Fountain *v.* Pettee, 38 Id. 184; Bergmann *v.* Jones, 94 Id. 51; Wallace *v.* Vacuum Oil Co., 128 N. Y. 579; and *post.*