do not apply to the lis pendens that has been filed in this proceeding has great force.

Apart from all this, as it appears that the city is entitled to other relief than a judgment for a sum of money and to a judgment for the sale of the property, adequate relief would not be secured by a deposit of money or an undertaking, and therefore the lis pendens should not be canceled. Tishman v. Acritelli, 111 App. Div. 237, 97 N. Y. Supp. 668; Kennedy v. Hall, 51 Misc. Rep. 78, 99 N. Y. Supp. 162, affirmed 114 App. Div. 913, 100 N. Y. Supp. 1124.

Motion denied, with $10 costs.

---

### BLAIR v. M. McCORMACK CONST. CO.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. JURY—VOIR DIRE EXAMINATION.

Code Civ. Proc. § 1180, providing that it is ground for challenge to a juror that he is an employé of or a stockholder in a corporation which is a party to the action, authorizes, in an action for personal injuries, a question to a juror on his voir dire whether he is an officer or stockholder in an indemnity insurance company, but not a question as to whether he is an officer or stockholder in a specific insurance company.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, §§ 410, 565.]

2. TRIAL—VOIR DIRE EXAMINATION OF JUROR—IMPROPER QUESTION—ACTION OF COURT.

Where a juror in an action for personal injuries was asked on his voir dire whether he was a stockholder in a specified indemnity insurance company, and an objection was sustained, and the jury instructed that the mention of the company must not influence it and had no bearing on the case, it sufficiently secured the rights of the defendant.

Appeal from Trial Term, Queens County.

Action by Frank Blair against the M. McCormack Construction Company. From an order setting aside the verdict, plaintiff appeals. Reversed, and verdict reinstated.

The record shows the following: "In the examination of the talesmen counsel for plaintiff asked the following question: Q. Are any of the jurors officers or stockholders in the Travelers' Insurance Company? Counsel for Defendant: If the court please, in the course of the examination of the talesmen, counsel for the plaintiffs asked the question which the stenographer has taken down there, and I object to that question, and ask that the jury be discharged from the consideration of this case, and that this panel be discharged from the consideration of this case, on the ground that it is an improper question to ask, and on the ground that it injected a matter into the case— The Court: You object first to the question, and the objection is sustained. (Exception by plaintiff.) The Court: What is your further motion? Renew your motion. Counsel for Defendant: And I move to have this panel discharged from the consideration of this case on the ground that the suggestion has been made, and is bound to be in their minds— The Court: The motion is denied on the ground that great public inconvenience would result. (Exception to defendant.) Counsel for Defendant: My motion applies to those who are in the hearing of the question. The Court (addressing jury): Gentlemen, counsel seems to apprehend that mention of the Travelers' Insurance Company may in some way prejudice your minds, and prejudice the defendant's case. Now, the court charges you that has no bearing in this case whatever—any mention of an insurance company should not have any influence in your minds at all, whether the Travelers' Insurance or the

Equitable Life Insurance Company, or any other insurance company—no consequence whatever in this case; should not influence you in the least, or any juror in the room. You may proceed with the examination. Counsel for Plaintiff: I wish to ask the jurors if any of them are stockholders or officers of any casualty insurance company. Counsel for Defendant: I think, in view of the question directed to a particular corporation, following that up with that, I think this case should be withdrawn from this panel, especially in view of the court's remarks that the question of any insurance company has nothing to do with this case. (Objection overruled. Exception.) Counsel for Plaintiff: Now, gentlemen, will you please answer my question: Are any of you officers or stockholders in any casualty insurance company? (No response from jury.)" The jury thereafter found a verdict for the plaintiff, which upon motion the court thereafter set aside. It is apparent from the opinion handed down by the learned court that the order was based upon the incident of the examination set forth.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Archibald Foote Clark (Ralph Gillette, on the brief), for appellant.
Eugene Lamb Richards, Jr. (Rutherford B. Meyer, on the brief), for respondent.

JENKS, J. Lord Brougham said:

"In my mind he was guilty of no error. He was chargeable with no exaggeration. He was betrayed by his fancy into no metaphor who once said, 'All we see about us, kings, lords, and commons, the whole machinery of the state, all the apparatus of the system and its varied workings, is simply bringing 12 good men into a box.'" Present State of the Law.

A jury implies 12 competent and disinterested men. "The question for the triors is whether the juror is, as he assuredly should be, altogether indifferent, and, if they find he is not, it is their duty to reject him." Peckham, J., in Butler v. G. F., S. K. F. E. S. R. R. Co., 121 N. Y. 118, 24 N. E. 187. A stockholder in a corporation which had underwritten the liability of the defendant might well be objectionable as a juror to the plaintiff. See Grant v. National Railway Spring Co., 100 App. Div. 234, 91 N. Y. Supp. 805; Mechanics' & Farmers' Bank v. Smith, 19 Johns. 115; People v. Bodine, 1 Denio, 281, cited in Butler's Case, supra. The reason for the provision in section 1180 of the Code of Civil Procedure—"The fact that a juror is in the employ of a party to the action; or, if a party to the action is a corporation, that he is an employee thereof or a shareholder or a stockholder therein, shall constitute a good ground for a challenge to the favor as to such juror"—obtains to a degree. Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494, is not authority against the course pursued by the plaintiff in his examination of the jury on voir dire. That case holds that inquiry of a witness into this matter of assurance is not material, and should be excluded. To extend the rule to the question up in this case is to exclude an inquiry pertinent and proper on its face, because it may permit the jury to infer from the inquiry that the defendant was assured. In Cosselmon's Case, supra, the fact that the question was asked of a witness indicated that the primary purpose thereof was to elicit an immaterial fact. But the inquiry in the case at bar was legitimate; and any sinister purpose behind the apparent purpose must be a matter of inference. On the mere face of

things the court cannot exclude a proper question for the reason that the court infers that there may be or is an ulterior motive. Grant v. National Railway Spring Co., supra. The learned court sustained the objection to the specific question, and fully cautioned the jury that the mention of the assurance company must not influence it, and had no bearing on the case. I think that the caution was sufficient to secure the rights of the defendant (Stouter v. Manhattan Railway Co., 127 N. Y. 661, 27 N. E. 805), and that the learned court was not warranted in thereafter setting aside the judgment. As a rule tactics of indirection prejudice a jury against the tactician, and carry their own punishment.

I think that there is no error in the record which would justify a reversal, and that the case made out by the plaintiff is sufficient to support the verdict.

The order is reversed, with costs and disbursements, and the verdict is reinstated. All concur, except HIRSCHBERG, P. J., not voting.

---

### BLAIR v. M. McCORMACK CONST. CO.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

