## Nelson Morris et al., Appellants, v. Charles H. Williams, Appellee.

1. GENERAL ISSUE—*what admitted by plea of.* The plea of the general issue admits the ownership and control of the building in which the plaintiff was injured; also, that the defendants were partners, doing business under the partnership name charged; also, that such partnership owned and controlled such building.

2. PRACTICE ACT—*section 2 construed.* It is not error for the court to deny leave to file a plea to the jurisdiction where several defendants are joined, some residents of one county and some of another, if it appears that the resident of the county in which the suit is brought was apparently joined in good faith.

3. INSTRUCTIONS—*when do not ignore doctrine of assumed risk.* An instruction in an action for personal injuries does not ignore the doctrine of assumed risk even though it concludes with a direction as to a verdict if the declaration negatives the question of assumed risk and the instruction is predicated upon proof of the allegations of the declaration.

4. EVIDENCE—*when opinions competent.* The opinion of an expert may properly be given as to the proper method of doing work and as to the tools and appliances necessary where such matters are not of common knowledge and could not readily have been made intelligible to the jury.

Action in case for personal injuries. Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed April 21, 1908.

LE FORGEE & VAIL, for appellant.

JOHN R. FITZGERALD, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case instituted in the Circuit Court of Macon county by Charles H. Williams against Morris & Company, a corporation; Nelson Morris, Ira Morris and Edward Morris, partners doing business as Nelson Morris & Company; and one Hal W. Pyburn, the local manager of the latter firm. Service was had upon the corporation and Pyburn in

Macon county.  A summons was issued to Cook county and returned served upon each of the individual members of the partnership.

The declaration, which consists of five counts, avers in substance that the defendants owned a certain building in Decatur, wherein their business was conducted; that the plaintiff was employed by the defendants and about September 7, 1906, was engaged in doing certain work as a common laborer in said building under the direction of a certain vice principal by the name of Ferguson; that the building was out of repair, defective and certain timbers of which it was composed rotten, all of which was unknown to plaintiff and known to the defendants; that the vice principal or foreman, Ferguson, was engaged for all of the defendants in making certain repairs upon said building; that in order to make such repairs it became necessary to raise up the second floor in the central part of such building which supported an ice chamber, containing about one hundred tons of ice, and that to raise such floor and the timbers supporting the same, jacks and blocking were used by Ferguson; that while the plaintiff was engaged in working in said building under the directions of said foreman, and in the exercise of due care, by reason of the improper use of such jacks and blocking, and because of the defective construction and rotten condition of such buildings, and the absence of proper safe-guards in the way of cribbing, the jacks buckled and fell, and the second floor, together with the ice, fell upon the plaintiff and injured him.

To such declaration the corporation and partnership filed a joint plea of not guilty, and Pyburn filed a separate plea to the same effect.  The jury returned a verdict finding the corporation and members of the firm of Nelson Morris & Company guilty, and assessed the plaintiff's damages at $2,500.  As to Pyburn a verdict of not guilty was returned.  Upon the motion for a new trial the suit was dismissed as to the corporation, leaving standing a verdict of not guilty as to Pyburn.

Thereupon counsel for the partnership asked leave of court to file a special plea averring that Nelson Morris, Ira Morris and Edward Morris were at the time of the commencement of the action and still were residents of the county of Cook in the State of Illinois; that they were not found or served with process in Macon county, but were found and served in said Cook county. The court refused to permit the plea to be filed, and entered judgment upon the verdict of the jury against the members of the partnership for $2,500. From said judgment this appeal is prayed by Nelson Morris, Ira Morris and Edward Morris as partners.

The evidence tends to prove the following facts: Nelson Morris & Company, hereinafter designated as the partnership, were engaged in the wholesale meat business and owned a building in Decatur which they had built upon ground leased by them from one Thatcher. The building was twenty-eight feet in width and 150 feet long. The front eighty feet was occupied by the partnership and the remaining portion was leased by them to Morris & Co., a corporation engaged in the poultry business and hereinafter referred to as the corporation. The first floor of the building was divided into cooling rooms, one of which was used by the partnership and the other by the corporation. Immediately above the cooling rooms were ice chambers in which were stored large quantities of ice. Beneath the floor of the ice chamber, immediately over the cooling room used by the partnership, were joists supported by two beams running from either side and meeting at the center of the building, and supported by a corbel which was in turn supported by a wooden post resting upon a beam upon the ground laid upon concrete pillars. The weight of the ice in the chambers had caused such post to sink into the lower beam, the upper floor to sag and the ice chamber to leak, by reason of which the floor timbers of the cooling room became rotten. This rendered it necessary to replace the floor, raise the center beams and

put in a new post, which work was in progress on the day appellee was injured, and was in charge of one Ferguson, who was superintending the work for the partnership. In order to raise the center beams, cross pieces were laid on the ground floor beam to the height of about three feet and a jack block placed thereon. On the jack block was placed four jack screws and on top of them, posts, the tops of which rested against the corbel.

On the morning of the day he was injured, appellee, who had been working for the corporation, was directed by Laing, his foreman, to go over to the premises of the partnership to work. He thereupon went to work in the cooling room where the repairs in question were being made, and worked until two or three o'clock in the afternoon tearing up the flooring and carrying lumber under the direction of Ferguson. During the day on one or two occasions by order of the defendant Pyburn, who was manager of the partnership, he carried meats in and out of the room. While he was thus engaged and the carpenters were attempting, under the directions of Ferguson, to raise the timbers referred to, by the aid of the jacks, one of the jacks buckled and was thrown against the post supporting the upper floor, causing the entire building to cave in. Appellee was struck by the timbers and ice, receiving the injuries described in the declaration.

The evidence further tends to show that at the time he was injured he was working as a common laborer; that he had never been in the building before and knew nothing of the conditions of the timbers nor of the existence of the ice chamber; that by the exercise of due care he would not have known of the same. There was also evidence tending to show that the joists or stringers of the floor in question had, since March, 1906, at least, been rotten, whereby and by reason of the weight of the ice, the floor was sagging; that no repairs had been made since that time; and further that the method adopted for raising the floor was un-

safe and that the foreman in charge of the work was negligent in failing to provide proper safe-guards to prevent the floor falling in case the jacks were insufficient to support the same.

There is also evidence tending to show that appellee exercised all the care due from him under the circumstances.

In this state of the proof the court did not err in refusing to direct a verdict for the appellants. Nor are we prepared to say, after a careful perusal and consideration of the evidence, that the verdict of the jury was not warranted, notwithstanding there is some conflict in the evidence upon several of the issues of fact.

· It is urged that a variance exists between the declaration and the proof as to the ownership and control of the building in which the plaintiff was injured; that the proof fails to show that the appellants were partners doing business under the name of Nelson Morris & Company, and as such partnership had any control over or ownership of said building. These allegations were matters of inducement and it was not necessary that the plaintiff should offer any proof in support of the same unless they were denied by special plea. Traction Co. v. Jerka, 227 Ill. 95.

It is also insisted that the court erred in denying leave to appellants to file the plea to the jurisdiction of the court setting up that they and each of them were not residents of Macon county at the time of the commencement of the suit, but were in fact non-residents of said county. In L. V. T. Co. v. Post Sugar Co., 228 Ill. 121, the appellant was brought in as a defendant to the suit under section 2 of the Practice Act. It was urged on appeal that the trial court erred in refusing the motion of appellant for leave to withdraw its plea in bar and plead to the jurisdiction of the court. It was there said, "while a plaintiff will not be permitted to avail himself of the provisions of this statute by making a resident of a county a defendant to a suit for

the mere purpose of conferring apparent jurisdiction upon the courts of that county over persons found in other counties, yet where, as here, the resident is made a defendant in good faith and under the reasonable belief that a cause of action exists against him, and the non-resident defendants appear and defend the action under the plain provisions of the statute, the court in which suit is pending has jurisdiction to render judgment against the non-resident defendants, even though the court directs a verdict in favor of the resident defendant. The trial court therefore did not err in the rule upon the motion.''

There is nothing in the present record tending to show that the resident defendants were not made such in good faith and the ruling of the court was proper.

It is urged that the court erred in giving the third instruction offered by plaintiff. The instruction told the jury that it was their duty to find against any defendant or defendants whom they might believe from the evidence was guilty in the manner and form as charged in plaintiff's declaration or any other count thereof. It is insisted that the instruction being peremptory in form and in effect eliminating the question of assumed risk from the case, was erroneous under the rule laid down in Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243.

We cannot concur in such view. The averments of the declaration clearly negative the assumption of risk by the plaintiff. In each of them it is averred that the plaintiff was acting under the immediate direction of the vice principal of the defendants; that he was ordered to the place and to perform the work in which he was engaged by such vice principal and that he was ignorant of the unsafe condition of such place. Furthermore, the evidence tended to prove such averments and the jury were fully warranted in finding that the same were established. The question of assumed risk was therefore not involved in the case, either under the pleadings or the evidence.

It is further urged that the court erred in permitting one Roberts, an experienced house raiser and mover, to testify that in his opinion another method could have been adopted and followed in raising the floor which would have been absolutely safe, and that judging from the appearance, after the accident, of the block upon which the jacks rested, one of the jacks had buckled and cracked the block, thus causing the entire superstructure to give away and fall.

We think the evidence was competent. The proper method of doing work of the character in question, the tools and appliances necessary and proper to be used, and the placing and operation of the same, were obviously not matters of common knowledge and could not readily have been made intelligible to the court and jury. It was therefore proper to receive the opinions of witnesses skilled in such work. Gundlach v. Schott, 192 Ill. 509; C. & A. Ry. Co. v. Yarber, 137 Ill. App. 486.

The record in the case is free from prejudicial error, and the damages awarded were not excessive. The judgment will be accordingly affirmed.

*Affirmed.*