[L. A. No. 2773.    Department One.—December 13, 1911.]

## FRANK M. ARNOLD, Respondent, v. CALIFORNIA STANDARD PORTLAND CEMENT COMPANY, Appellant.

NEGLIGENCE—FURNISHING UNSAFE ELECTRIC BATTERY TO DISCHARGE BLAST OF DYNAMITE—EVIDENCE OF PLAINTIFF'S CARE—QUESTION FOR JURY.—Where contributory negligence is set up as a defense in an action to recover damages for personal injuries alleged to have been caused by the defendant's negligence in furnishing for the plaintiff's use in setting off a charge of dynamite, an unsafe, defective, and insufficient electric battery, in the use of which the plaintiff was injured, it is erroneous to permit the plaintiff to testify to the effect that he used proper care and caution in doing the work preparatory to the use of the battery. The determination of such question was for the jury after a consideration of all the evidence.

ID.—EVIDENCE AS TO REASONABLENESS OF PLAINTIFF'S CONDUCT.—In such an action, where there is but a slight margin of evidence in favor of the proposition that the plaintiff used due care in connecting the wires of the battery with the charges and in cleaning out the holes after an attempted discharge, evidence to the effect that the conduct of the plaintiff in such respect conformed to what a reasonable man should have done or concluded from the facts before him, is erroneous and will be deemed prejudicial. Whether the plaintiff, under the circumstances, acted with the care required of a reasonable man, was for the jury to determine.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order refusing a new trial. George H. Hutton, Judge presiding.

The facts are stated in the opinion of the court.

Horace S. Wilson, and Le Roy M. Edwards, for Appellant.

F. B. Daley, Frank T. Bates, and Bates & Hodge, for Respondent.

SHAW, J.—Appeal by defendant from the judgment and from an order refusing a new trial.

Plaintiff sued to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The complaint alleges that defendant negligently furnished for plaintiff's use an unsafe, defective, and insufficient electric battery in the use of which plaintiff was injured.

He was engaged in exploding blasts of dynamite and powder for the defendant. At the time of the injury, it appears, they were blasting in beds of clay. Small holes would be drilled several feet into the clay, at the bottom of which heavy charges of black powder would be exploded to break up the clay so that it could be shoveled up and carried away. As a part of the process it was necessary first to enlarge these holes at the bottom so that they would hold enough of the black powder to lift the dirt. This process of enlargement was called "springing the holes." It was done by putting a small charge of dynamite at the bottom of the hole, connecting it by an "exploder" and wires with an electric battery a safe distance away, tamping about eight inches of dirt in around the wires immediately above the exploder, and then exploding the dynamite by means of an electric charge through the wires from the battery to the exploder. The result would be that the dirt tamped in would resist the upward force of the explosion which would exhaust itself in making the hole larger at the bottom, ready for the black powder. Nine holes had been drilled and plaintiff was engaged in "springing" them. After the small dynamite charge was exploded it was his duty to remove the earth that had been tamped in, thus

clearing the hole so that the black powder could be let down to the enlarged space at the bottom. While he was removing this earth from one of these holes, the charge exploded, inflicting the injuries complained of.

The plaintiff first connected the entire nine holes in series and attempted to explode all of them at once by a single electric shock from the battery. He found that the first hole had blown out, that is, the blast had escaped from the top, because of defective tamping. It could not be ascertained from the surface appearances of the holes which had not thus blown out, whether the blast had been set off or not, for if the tamping had been properly done, the force of the explosion would be spent below the tamping, in springing out the sides of the hole, producing no effect at the surface. Fearing that some of the other blasts had not exploded, he then connected each separately with the battery and tried them singly with the electricity. None of them upon this trial gave any indication of an explosion. Assuming from this that the first shock from the battery had set off all the charges, he proceeded to clean the holes to receive the black powder. In the third hole the dynamite had not been set off by the battery and in cleaning it out he exploded the charge, inflicting the injuries alleged. There is evidence that this battery had been in use for several months and that it sometimes failed to discharge a blast even when connected with a single hole. Plaintiff had been at work there for a considerable time before the injury and had often seen this battery. Its defects were well known to the other men in the same service, but there is no conclusive evidence that they were known to the plaintiff. The circumstances also tend to show that the plaintiff knew that a battery would sometimes fail to set off a blast, but the evidence is conflicting on that point. He testified that he proceeded to clean the hole precisely as if there were no dynamite in it, taking no care to avoid an explosion in case there were. The questions whether he used due care in failing to take such precautions as were possible to that end, and in assuming that the blasts were exploded, and whether the failure to explode was due to the weakness of the battery or to his own neglect in failing to make proper connections between the dynamite and the battery, are very close ones in view of all the evidence in the case. We are not satisfied that it is insufficient to sus-

tain the verdict.  But considering its weakness, it is obvious that the admission of any incompetent evidence on the subject must be deemed to have been prejudicial to the defendant. Evidence of that character was admitted over the defendant's objection and for that reason we think the order denying a new trial was erroneous.

The plaintiff testified that he had been engaged in the business of exploding blasts of powder and dynamite by means of batteries for three and a half years before his injury.  He was asked by his own counsel the following question: "At the time you sprung those holes, that is, applied the battery the second time to the four or five holes which you tested, did you use, from your experience in the use of the battery and springing of those holes, the usual, ordinary and customary precaution?"  "At the time, considering your long experience in dealing with a battery, did you use all customary and necessary and usual precaution to see that those wires were connected?"  Objections that these questions were incompetent, irrelevant and immaterial and called for the conclusions of the witness were overruled and he answered both questions in the affirmative.  These rulings were erroneous.  One of the defenses was contributory negligence.  The question whether or not the plaintiff had used proper care and caution in doing his preparatory work was one for the determination of the jury from all the evidence.  It was not a question upon which the opinions of expert witnesses are allowable.  The questions called for the decision of the plaintiff as to the merits of the defense.

Another witness for the plaintiff was permitted to state that if, after trying the battery the second time on the holes separately, one of them should be cleaned out and it was found that the charge in that hole had gone off properly, then, in such case "the conclusion of a reasonable man who understood his business and acting in a reasonable way" would be that the next hole and each of the others had also been exploded by the battery.  This also was usurping the functions of the jury and the testimony should have been excluded.  The witness should have been confined to the facts, the usual method of operations in such work and the things necessary to be done to avoid danger.  Even if we admit that the plaintiff was held only to the standard suggested, the care required of a reason-

able man who understood the work, nevertheless it was for the jury and not the witness to apply the standard and decide from the evidence what a reasonable man should have done or concluded from the facts before him. In view of the slight margin of evidence in favor of the proposition that the plaintiff used due care in connecting the wires and cleaning out the holes, we cannot say that this evidence was without prejudice to the defendant.

The judgment and order are reversed.

Sloss, J., and Angellotti, J., concurred.