## Patrick Crowley, Appellee, v. Frank M. Stresenreuter, Appellant.

### Gen. No. 17,414.

1. PLEADING—*what general issue admits in effect.* Where it is alleged that plaintiff received personal injuries while working for a partnership engaged in erecting a certain building, and one member thereof is served, a plea of the general issue in effect admits that defendant is a partner and that the firm is constructing a building.

2. CONTINUANCE—*amendment of pleadings.* Where, in a personal injury action against four persons as a partnership, only one was served and the court allowed a discontinuance as to the three not served and an amendment of the pleadings by striking out the word "partnership" and by inserting the name of an alleged corporation to which such persons belonged, if it was the intention to discontinue as to the individual defendant and to have the cause proceed against such corporation, defendant's motion for continuance and for service on the corporation and return, etc., should have been allowed.

3. PRACTICE—*what order justifies defendant in assuming he is not defending as partner.* In an action against an alleged partnership for personal injuries, where one member thereof is served and an order allows the proceeding to be amended by discontinuing as to the three not served, by striking out the word "partnership," and by inserting the name of an alleged corporation to which all belong, if the one served is ordered to put in his evidence, he has a right to assume that he is not making his defense as a member of a partnership.

4. JUDGMENT—*when error to enter judgment on verdict.* Action for personal injuries was brought against an alleged partnership and one member was served. An order was entered allowing discontinuance as to the others and amendment of proceedings by striking out the word "partnership" and inserting the name of an alleged corporation to which the partners belonged. Defendant's motion for continuance and for service on the corporation and return was denied. The person served was ordered to put in his evidence. The order allowing discontinuance and amendment was set aside on motion made in the presence of the jury and an order was entered allowing the issue to stand against the person served individually and as a partner. Verdict was rendered for plaintiff and judgment entered. *Held,* the court erred in entering judgment against defendant.

5. JURY—*examination of jurors.* In a personal injury action against an alleged partnership, prejudicial error is committed where objections are overruled to questions in the examination of jurymen which tend to give the impression that defendant is insured against

such accidents and is being defended by a casualty company, and a motion for a new panel is denied.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the HON. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 29, 1912.

H. L. HOWARD, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Cook county for $2,500 rendered upon a verdict of a jury in favor of appellee (hereinafter called plaintiff) against appellant (hereinafter called defendant) in an action for damages for personal injuries. No appearance of appellee has been entered in this court.

The action was commenced on July 31, 1909, against A. L., Charles H., and Henry L. Stresenreuter and defendant, as partners doing business as Stresenreuter Brothers. The defendant alone was served. Plaintiff's declaration, which consisted of one count, charged that on February 15, 1909, said four persons were engaged in constructing a building at the intersection of Carroll avenue and Ada street in Chicago, that plaintiff was their employee for hire on said work and subject to their order, that they negligently ordered plaintiff to lay a certain heavy joist across a span of about fifteen feet, that the sill or timber on which it was to be placed was icy and slippery, making said work especially dangerous, that there should have been two men to do said work, that plaintiff objected to doing said work alone but believed that by exercising great care he could obey said negligent order, whereby, because of said negligent order and while exercising due care for his own safety, one end of said joist fell off the

sill while plaintiff was placing the same and caused
him to fall to the floor below and thereby he was in-
jured, etc. To this declaration defendant pleaded the
general issue. This plea in effect admitted the ca-
pacity in which the defendant was sued, viz.: as a part-
ner in the business of Stresenreuter Brothers, a part-
nership, and that said partnership firm was engaged
in the construction of said building. McNulta v. Lock-
ridge, 137 Ill. 270; Morris v. Williams, 143 Ill. App.
140. No attempt seems to have been made by *alias*
summons to bring the other codefendants into court.
The case was called for trial before a jury on July 11,
1910. Plaintiff doubtless proceeded on the theory that
"partners are jointly and severally liable for torts
committed in the course of the partnership business,"
Wisconsin Cent. R. Co. v. Ross, 142 Ill. 9, 15, and to
prove the case as laid in his declaration called six wit-
nesses who were examined and cross-examined. The
testimony showed that the order, claimed to have been
a negligent one and relied on by plaintiff, was given
by Charles H. Stresenreuter, who was acting as fore-
man on the job. At the conclusion of plaintiff's case,
July 12, 1910, plaintiff's attorney asked leave to file
an additional count to the declaration, which motion
was allowed and said additional count against said
four codefendants filed. This count left out the two
allegations as to the icy and slippery condition of said
sill or timber and as to the objection of plaintiff to do-
ing the work alone, and charged that "the defendants
*   *   * negligently ordered the plaintiff to alone lay
certain heavy joists in piles across a span of about fif-
teen feet, and the said work was especially dangerous
and unsafe and there should have been two men to do
said work, yet the plaintiff believed that by exercising
great care and caution he could obey said negligent
order, whereby," etc. Defendant's attorney then
moved for a directed verdict for defendant, which mo-
tion was denied and the court adjourned for the noon
recess. The bill of exceptions discloses that when the

court reconvened, and "after discussion on motions," plaintiff's attorney dismissed the action as to all the defendants except Frank M. Stresenreuter, defendant, and the court entered a rule on him to plead to the additional count *instanter*, and asked defendant's attorney if he desired to demur thereto, to which said attorney replied that he did not. No plea was filed to said additional count, but evidence on behalf of the defendant was introduced. We are uncertain, from the transcript of the record before us, who the "defendant" then was. It appears from said transcript that on said day, July 12, 1910, the court entered an order of record in which it appears that

"On motion of plaintiff's attorney leave   *   *   * is hereby given the plaintiff to file an additional count instanter, and *   *   * defendants *   *   * are required to plead to said additional count instanter, and on motion of plaintiff's attorney it is ordered that all papers and proceedings herein   *   *   * are hereby amended by discontinuing as to A. L., Charles H., and Henry L. Stresenreuter, and leave is hereby given the plaintiff *to amend all papers on file by striking out the word partnership and inserting the words Stresenreuter Brothers, a corporation.* Thereupon the defendant enters his motion for a continuance of said cause for time to plead to service and return of service which motion is denied."

If it was the intention of the court on plaintiff's motion, as disclosed from the latter part of said order, to discontinue the case at this stage of the proceedings as to the individual defendant, Frank M. Stresenreuter, and have the cause proceed against Stresenreuter Brothers, a corporation, we think the motion of defendant for a continuance of the cause and for service on the corporation, return of service, etc., should have been allowed. If the intention was that the cause should proceed against Frank M. Stresenreuter, as a member of said corporation instead of as a member of a partnership, no individual liability of said defendant, Frank M. Stresenreuter, had been shown. In any

event, when defendant was directed by the court to proceed and put in his evidence, he had a right to assume that he was not making his defense as a member of a partnership. The defendant's evidence disclosed, among other things, that Stresenreuter Brothers was an Illinois corporation, incorporated in January, 1908, prior to the time of the injury to plaintiff, and its charter was introduced in evidence by defendant without objection. The taking of the entire evidence of the case, including plaintiff's rebuttal testimony, was completed during the afternoon of July 12, 1910, and the court adjourned until July 14, 1910. On that morning, after the court had reconvened, the bill of exceptions discloses that, in the presence of the jury, plaintiff's attorney moved that all testimony as to the incorporation of Stresenreuter Brothers, including the charter, be stricken from the record, that the order theretofore entered, amending all papers by striking out the word "partnership" and inserting the word "corporation," be set aside, and that the issue stand as against Frank M. Stresenreuter, individually and alone, as a member of said partnership firm. The motion was allowed by the court, an order entered of record to that effect and defendant excepted. Defendant also renewed his motion made at the close of plaintiff's case for a directed verdict in favor of defendant, which motion was denied and an exception taken. The jury were then instructed by the court and retired, and later returned a verdict finding the defendant guilty and assessed plaintiff's damages at $2,500, upon which verdict the judgment appealed from was entered.

In view of the foregoing we are of the opinion that the trial court erred in entering the judgment against defendant.

We are also of the opinion that error, prejudicial to the defendant, was committed at the very commencement of the proceedings on the trial, in that the court overruled defendant's objections to certain questions asked by plaintiff's attorney of several jurymen and

denied defendant's motion that a new panel of jury-men be called. It appears from the bill of exceptions that plaintiff's attorney, in his preliminary examination of the jurymen as to their qualifications, etc., asked certain questions of several of them which tended to give the impression that the defendant was insured against liability for accidents of the character of the one in question in a casualty company, and that the defendant was being defended by such a company. George A. Fuller Co. v. Darragh, 101 Ill. App. 664; Wiersema v. Lockwood & S. Co., 147 Ill. App. 33; McCarthy v. Spring Valley Coal Co., 232 Ill. 473.

We express no opinion as to the substantial merits of plaintiff's case, but for the errors indicated the judgment of the Circuit Court is reversed and the cause remanded

*Reversed and remanded.*