[Civ. No. 1830.    First Appellate District.—June 1, 1916.]

IONE IMOGENE DE LIERE, Respondent, v. GOLDBERG, BOWEN & CO. (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURIES—IMPANELMENT OF JURY—REFERENCE TO INSURANCE OF DEFENDANT AGAINST LOSS—CONDUCT NOT PREJUDICIAL—SUBSEQUENT EVIDENCE OF FACT.—In an action for damages for personal injuries, the defendant is not prejudiced by the conduct of counsel for the plaintiff during the proceedings for the impanelment of the jury in getting before them the fact that the defendant was indemnified against loss by a surety company, where during a later stage of the trial the fact was permitted to go before the jury in the form of evidence without objection from one of the defendant's own witnesses.

ID.—DAMAGES—LOSS OF MONEY PAID ON LOT.—In an action for damages for personal injuries, the plaintiff cannot recover as special damages the amount of the installments paid by her on a piece of real property, which she had lost by reason of her inability to keep up the payments in consequence of such injuries.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

H. B. M. Miller, for Appellant.

Stidger & Stidger, and William F. Herron, for Respondent.

THE COURT.—This is an appeal from a judgment in favor of plaintiff in an action for damages for personal in-

juries, and from an order denying a new trial. The cause was tried before a jury.

The first contention of the appellant is directed against the alleged misconduct of counsel for plaintiff during the proceedings for the impanelment of the jury, consisting in asking of a prospective juror the question, "Do you know a corporation known as the General Accident, Life and Fire Insurance Company?" and in stating in substance, in answer to an objection to said question, that the defendant was indemnified by said corporation against liability for injuries of the nature of those involved in this action. The question and statement of counsel were assigned as misconduct. The court sustained the objection to the question, and a little later, when the same matter was again adverted to by plaintiff's counsel, and again assigned as misconduct, the court expressly admonished the jury to disregard any reference to outside matters, and confine themselves to the issues between the two immediate parties to the case. Still later, and during the cross-examination of one of the defendant's witnesses, counsel for the plaintiff asked him whether he had not been told by defendant to go down and make a report to the surety company in regard to the accident. This question was also objected to and assigned as misconduct, and the court again sustained the objection to it, but counsel for the defendant did not ask nor did the court give any further admonition to the jury.

In urging here the contention that by this repeated reference by counsel for the plaintiff to the effect that plaintiff was indemnified against an adverse verdict by a surety company, he was guilty of prejudicial misconduct requiring a reversal of the case, the appellant strongly relies upon the cases of *Roche* v. *Llewellyn,* 140 Cal. 563, [74 Pac. 147], and *Pierce* v. *United Gas & Electric Co.,* 161 Cal. 176, [118 Pac. 700], wherein the supreme court has declared it to be the law in this state that during the trial of an action for damages, evidence that the defendant has been indemnified against loss by a surety company is not only inadmissible, but that its offer on the part of the plaintiff is prejudicial misconduct.

It is, however, contended by the respondent that the first of the above-quoted cases has reference only to evidence offered during the actual trial, and that its doctrine is not to be extended to questions asked of jurors upon their *voir dire* ex-

amination with a view to ascertaining whether they are connected in any disqualifying relations with an indemnifying company. It is insisted by respondent that such questions are in themselves admissible when asked of a juror, and even necessary in order to insure the plaintiff a body of jurors unbiased by any connection in favor of the real party interested in the defense of the action, and that such an inquiry being admissible, it could not be misconduct to pursue it in the examination of jurors; and it is further contended by the respondent that as to the case of *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, [118 Pac. 700], the language of the learned justice writing the opinion in that case is to be construed as being limited to cases where the inquiry of · the juror is not made in good faith, but where the question is asked not for the purpose of ascertaining whether the juror is free from bias or interest which may affect his verdict, but merely for the purpose of getting the fact that the defendant is indemnified by a surety company before the jury. In support of these contentions the respondent cites a number of quite recent cases from other jurisdictions holding such questions proper when asked in good faith of a juror upon his *voir dire* examination, and notably the cases of *Blair* v. *McCormack Construction Co.*, 123 App. Div. 30, [107 N. Y. Supp. 750], and *Rinklin* v. *Acker*, 125 App. Div. 244, [109 N. Y. Supp. 125], wherein the rule for which the respondent contends is exhaustively set forth, and earlier cases cited and relied upon by the appellant are criticised.

We do not, however, deem it necessary to determine this disputed question in the instant case, for the reason that the record discloses that during a later stage of the trial the fact that the defendant was indemnified by the particular surety company adverted to was permitted to go before the jury in the form of evidence without objection, and that such evidence came from the lips of one of the defendant's own witnesses. This fact, taken with the further fact that the court did, in the earlier stages of the case, expressly instruct the jury to disregard all references to outside parties and confine their deliberations to the issues between the actual parties before the court, impels us to the conclusion that the question and suggestions of plaintiff's counsel cannot be held to have amounted to such prejudicial misconduct as to justify a reversal of the case.

It is further contended by the appellant that the evidence is insufficient to justify any verdict in plaintiff's favor, and particularly insufficient to justify a verdict for the sum of six thousand dollars, and that in this latter respect the verdict should be set aside as excessive.

On a careful review of the somewhat voluminous evidence in the case, we are of the opinion that there is a very substantial conflict upon the questions of the negligence of the defendant's employee, and as to the severity and permanence of plaintiff's injuries, and also as to the plaintiff's contributory negligence, and that therefore these were matters which were properly within the purview of the jury, with whose discretion we will not interfere.

The appellant finally urges that the court committed certain errors of law in overruling the defendant's objection to evidence offered on behalf of the plaintiff in support of the averments in her complaint, to the effect that she had been specially damaged in the sum of $254.78, by reason of the fact that in consequence of her injuries she had been unable to keep up her payments upon a lot in Richmond, and as a result had lost the installments already paid amounting to said sum. The plaintiff pleaded this matter in detail in her complaint as special damages. The defendant, instead of seeking to eliminate this element of alleged damage from the complaint by proper motion, responded with denials which put in issue the matter so pleaded, and the parties went to trial upon the issue thus framed. The specific amount of such damage sought was fixed by these pleadings and by the offered evidence of the plaintiff in support thereof. The respondent, while not conceding that damages of this sort are not recoverable, is willing that the verdict should be reduced in that specific sum. We think these damages were too remote, and ought not to be allowed; but we do not think the judgment should be reversed for that reason, when, as the record shows, the precise amount of this alleged item of damage was definitely fixed at all times during the trial, and also when the parties were content to tender a direct issue as to the fact and amount of this item of alleged detriment. Under these conditions we think substantial justice will be done by reducing the verdict and judgment in the sum of $254.78.

It is therefore ordered that the judgment be modified by striking therefrom the sum of $254.78, and that otherwise

the judgment and order are affirmed, appellant to recover its costs upon this appeal.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1916.