[Civ. No. 2896. Second Appellate District, Division Two.—June 7, 1919.]

FRANK M. ARNOLD, Respondent, v. CALIFORNIA PORTLAND CEMENT COMPANY (a Corporation), Appellant.

[1] JURIES AND JURORS—VOIR DIRE EXAMINATION—QUESTIONS CALCULATED TO BIAS VERDICT—PRESUMPTIONS.—Where in an action for damages for personal injuries, the evidence supporting plaintiff's case is very weak, any improper questions propounded to the jurors upon their *voir dire*, calculated to bias them in favor of plaintiff, must, on appeal, be deemed to have been prejudicial to defendant.

[2] ID.—ACTION FOR DAMAGES—INSURANCE OF DEFENDANT AGAINST FINANCIAL LOSS—EXAMINATION OF JURORS—PREJUDICIAL ERROR.— In an action for damages for personal injuries sustained by plaintiff while in the employ of defendant, it is highly prejudicial to defendant to permit counsel for plaintiff, over defendant's objections, to question the jury upon their *voir dire* as to whether their verdict would be influenced or affected by the fact that the defendant was insured by a casualty insurance company against

any financial loss it might sustain by reason of the injury to plaintiff.

[3] ID.—INTEREST OF JUROR IN CASUALTY COMPANY—PROPER EXAMINATION.—It is entirely proper for counsel to ask the jurors such questions as may reasonably be necessary to ascertain whether they are free from a bias or interest that may affect their verdict, and to that end it is proper for counsel, in good faith, to ask of each juror whether he is interested as agent or stockholder or otherwise in a specified casualty company, or counsel may ask the broad question whether the juror is interested in any insurance company insuring against liability for negligence; but counsel must take pains to propound the questions in such a manner as not unnecessarily to convey the impression that the defendant is in fact so insured.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Reversed.

The facts are stated in the opinion of the court.

J. H. Shankland, R. M. McHargue, Gurney E. Newlin and W. W. Hyams for Appellant.

Frank B. Daley, Daley & Byrne and Frank T. Bates for Respondent.

FINLAYSON, P. J.—This is an action for damages for personal injuries sustained by plaintiff in a dynamite explosion at defendant's plant, near the town of Colton, while plaintiff was in defendant's employ as a "powderman." The accident occurred May 9, 1909. This was prior to certain recent legislation enlarging the responsibility of employers for injuries to employees. From a judgment in favor of plaintiff, upon the verdict of a jury, defendant appeals. The case was before the supreme court on a former appeal (161 Cal. 522, [119 Pac. 913]), where a previous judgment for plaintiff was reversed by that court upon the ground of error in the admission of certain evidence.

The gravamen of the action is that defendant negligently furnished for plaintiff's use an electric battery that was too weak to explode the dynamite in nine holes that he was directed by his foreman to explode in the process of

3. Bias or interest disqualifying juror, note, 9 Am. St. Rep. 744.

"springing the holes," that is, preparing them to receive the charges of black powder. The nine holes were connected by wire in a series. Plaintiff attempted to explode all of them at one time by a single discharge of the electric current from the battery. The battery failed to explode at least one of the holes. The failure to explode all the holes could not be detected from surface indications. For some reason, perhaps because he suspected that some of the holes had failed to explode, plaintiff, immediately after his attempt to explode the nine holes at once, connected each hole separately with the battery, turning on the current each time. The connection so made separately with each hole caused no explosion. From this plaintiff concluded that all the charges had exploded with the first discharge of the current from the battery. Thereupon he commenced to drill the holes with a heavy steel drill for the purpose of cleaning them out and preparing them to receive the heavy black powder. He made no further examination, and took no precaution of any kind against any accident that might occur if it should turn out that the dynamite in some one or more of the holes had failed to explode the first time. While drilling in one of the holes, either the third or the fourth in the series, the dynamite that he had placed therein, and which had failed to explode when the current from the battery was turned on, exploded, and the injuries of which he complains were thus sustained. The battery had been used for several months, and at times had failed to discharge a blast when connected with but a single hole. Plaintiff had been at work for the defendant for about four months. He knew the battery was not new, and also, from his experience, that such a battery, which is but a mechanism for generating an electric current, gets weaker with use.

Inasmuch as the case must be reversed because of the misconduct of plaintiff's counsel while examining the jury panel upon their *voir dire*, we do not find it necessary to make a more extended statement of the facts. It will suffice to refer to the facts as stated in the opinion on the first appeal. In their essential aspects the facts brought out at the first trial do not differ materially from those adduced at the second trial.

Whether respondent was guilty of contributory negligence in assuming that the nine blasts were exploded by

the first discharge of the electric current from the battery, and in failing to use any precautions against possible injury in the event that all the charges were not thus exploded, is a very close question. It is also a nice question as to whether the failure of the charge to explode when the current was turned on was due to weakness of the battery or to respondent's own negligence in failing properly to connect the wires from the battery with the charge of dynamite. We are not entirely satisfied that the evidence is sufficient to sustain the verdict. If it is, the margin is very slight indeed. However, since the case must be sent back for a new trial because of the error above suggested, and because the case for plaintiff on the next trial may be stronger than that disclosed by the record before us on this appeal, it will not be necessary to consider the sufficiency of the evidence.

[1] Considering the weakness of the evidence and the exceeding narrowness of the margin to support respondent's theory of the accident, it is obvious that any improper questions propounded to the jurors upon their *voir dire,* calculated to bias them in favor of respondent, must be deemed to have been prejudicial to appellant. Questions of that character, over appellant's objections, were propounded and allowed during the examination of the panel. The objectionable questions were asked in the presence and hearing of all the panel from which the jury that tried the case was selected. For this reason we think the judgment should be reversed.

While examining the jury panel upon their *voir dire,* respondent's counsel asked these questions: "Now, if you were sworn as a juror, and during the trial of this case, near the end of it, you should learn that the New Amsterdam Casualty Company, one of these surety companies, was a surety at the time of this accident alleged, or an insurer against any injury to employees, would that in any wise affect your verdict in this case?" Also: "And if it came to your knowledge, if you were a juror in this case, and it came to your knowledge from any source whatever, that the New Amsterdam Casualty Company was a surety for any injury to the employees of the defendant company at the time of this alleged injury, would that knowledge of that fact in any wise influence your verdict in the case?"

Each of these questions carried with it the implication, if not the direct assertion, that appellant was insured by a casualty insurance company against any financial loss it might sustain by reason of the injury to respondent. To these questions, and others of a similar import persistently propounded, appellant's counsel strenuously objected upon the ground that the same were incompetent, irrelevant, and immaterial, and particularly upon the ground that each was an improper question to be asked the jurors upon their *voir dire*. The objections were overruled. It does not appear that the court in any manner or at any time endeavored to admonish the jury to disregard the damaging insinuation conveyed to their minds by this line of questioning. [2] The questions were highly prejudicial, and it was error to overrule respondent's objections. (*Pierce v. United Gas etc. Co.*, 161 Cal. 176, 188, [118 Pac. 700]; *Roche v. Llewellyn etc. Co.*, 140 Cal. 563, [74 Pac. 147]; *De Liere v. Goldberg, Bowen & Co.*, 30 Cal. App. 612, [159 Pac. 197]; *Dameron v. Ansbro*, 39 Cal. App. 289, [178 Pac. 874]; *Spinneys' Admx. v. Hooker* (Vt.), 102 Atl. 53; *Putnam v. Pacific Monthly Co.*, 68 Or. 36, [Ann. Cas. 1915C, 256, 45 L. R. A. (N. S.) 338, L. R. A. 1915F, 782, 130 Pac. 986, 136 Pac. 835]; *Horsford v. Carolina Glass Co.*, 92 S. C. 236, [75 S. E. 533]; *Loughlin v. Brassil*, 187 N. Y. 128, [79 N. E. 854]; *Cosselmon v. Dunfee*, 172 N. Y. 507, [65 N. E. 494]; *Rothenberg v. Collins*, 161 App. Div. 387, [146 N. Y. Supp. 762]; *Eckhart etc. Co. v. Schaefer*, 101 Ill. App. 500; *Crowley v. Stresebreuter*, 174 Ill. App. 538; *Mithen v. Jeffrey*, 259 Ill. 372, [102 N. E. 778]; *Houston Car etc. Co. v. Smith* (Tex. Civ.), 160 S. W. 435; *Beaumont etc. Co. v. Dilworth* (Tex. Civ.), 94 S. W. 352; *Stratton v. C. H. Nichols Lumber Co.*, 39 Wash. 323, [109 Am. St. Rep. 881, 81 Pac. 831]; *Inland Steel Co. v. Gillespie*, 181 Ind. 633, [104 N. E. 76]; *Duncan Coal Co. v. Thompson's Admr.*, 157 Ky. 304, [162 S. W. 1139].)

There is a decided divergence of opinion among the courts of the several states as to the right of counsel for plaintiff in a personal injury action to suggest in any way, in the presence of the jury, that an indemnity insurance company is an actual party in interest. The cases are collected and reviewed in an exhaustive note to *Egner v. Curtis etc. Co.*, L. R. A. (N. S.) 1915A, p. 153 et seq.

From what is said in *De Liere* v. *Goldberg, Bowen & Co., supra,* it is evident that, as yet, there is no decision in this state that has attempted to define the circumscribing bounds within which examining counsel, at their peril, must confine themselves. The question is one that, in so far as is reasonably possible, ought to be settled as a matter of general practice.

It is extremely difficult, if not impossible, to lay down a fixed rule that will apply on all occasions and define the restrictive limitations with absolute exactness. It is, however, possible and practicable to define the guiding principles applicable to such cases. Courts do not look with favor upon an attempt to impress the jury with the idea that, not the local defendant in the case, but an insurance company, which often is a foreign corporation, may be called upon to respond to such damages as the jury may assess. The knowledge that the defendant has such protection may have a tendency to make the jurors careless as to the amount of their verdict. As was said in a Maine case (*Sawyer* v. *Arnold Shoe Co.,* 90 Me. 369, [38 Atl. 333]): '' . . . to allow juries, in cases of this kind, to take into consideration the fact that an employer was insured against accidents, would do more harm than good, and would increase the already strong tendency of juries to be influenced, in cases of personal injuries, especially where a corporation is defendant, by sympathy and prejudice.''

Notwithstanding the apparent diversity of the decisions, we think that a correct statement of the rule, supported by reason and the weight of authority, is substantially as follows: **[3]** It is entirely proper for counsel to ask the jurors such questions as may reasonably be necessary to ascertain whether they are free from a bias or interest that may affect their verdict. To this end it is proper for counsel, in good faith, to ask of each juror whether he is interested as an agent or stockholder or otherwise in a specified casualty company. Or he may be asked the broad question whether he is interested in any insurance company insuring against liability for negligence. (*Rinklin* v. *Acker,* 125 App. Div. 244, [109 N. Y. Supp. 125]; *Grant* v. *National etc. Co.,* 100 App. Div. 234, [91 N. Y. Supp. 805].) But counsel must take pains to propound such questions in such a manner as not unnecessarily to convey the impression

that the defendant is in fact so insured. It is misconduct on the part of counsel for plaintiff in such actions so to frame his question that it goes beyond what is reasonably necessary to serve the legitimate purpose of eliciting the facts he is entitled to adduce in order to secure a jury free from bias or prejudice, if it is also apparent that the question may fairly be said to have the effect of serving the illegitimate purpose of prejudicing the jury by fixing in their minds the idea that the defendant is protected by insurance against liability for negligence. And if the amount of the verdict is large as compared with the nature of the injuries sustained, or the defendant's liability is a close question, such misconduct is prejudicial and ground for reversal.

The plaintiff has the right to inquire about any interest, direct or indirect, of the jurors that may affect their verdict, but he has no right to abuse his privilege or make of it a stratagem by which he can prejudice the jury with irrelevant matter. As was well said in one of the cases, counsel, at his peril, must steer a clear course between the Scylla of an interested jury on the one hand and the Charybdis of pettifoggery on the other. Asking a juror whether he is interested in a specified casualty company, or, generally, in any insurance company, if the question be propounded in good faith, may be necessary in order to insure the plaintiff a body of jurors unbiased by any connection in favor of the party really interested in the defense of the action. But beyond this it is neither necessary nor proper to go. It is not permitted to counsel, under the guise of testing their qualifications as jurors, to go beyond what is necessary to insure a body of unbiased jurors and seek to create the impression that an insurance company, and not the defendant in the case, will be called upon to respond to such damages as the jury may assess. When questions propounded to prospective jurors overreach the limit, they may prove unprofitable to the party asking them. As was said in *Hoyt* v. *Davis Mfg. Co.*, 112 App. Div. 755, [98 N. Y. Supp. 1031]: "When counsel ask such questions, overreaching the limit, with a hope to gain a benefit from them, it is but fair that he should take the risk; and in a close case the court may properly consider that such sug-

gestion had the very effect which counsel intended it should have.''

It appears from the questions propounded to the jurors in this case that respondent's counsel, not satisfied merely to ask the prospective jurors whether they knew anyone connected with the New Amsterdam Casualty Company, or whether they were interested in that company as stockholders or otherwise, which questions they would have had the right to ask for the purpose of exercising their challenges, proceeded further, and, in effect, conveyed to the minds of the jurors, unnecessarily, the idea that the New Amsterdam Casualty Company was the real party interested in the defense of the action. And the court, by overruling the vigorous objections of appellant's counsel, stamped the statements with its approval. It is obvious, therefore, that counsel, presumably learned in the law, could not have asked the questions for any legitimate purpose; and, while we will not say they were deliberately made for the illegitimate purpose of prejudicing the jury, it is plain that they were well calculated to have that effect. The questions could have had no other tendency than to seduce a verdict on the ground that an insurance company, and not the defendant, would be the one really affected by a verdict in favor of the plaintiff. They certainly would have a tendency to render the jurors careless as to the amount of their verdict. It is possible in such cases for an attorney, who is acting in good faith and with a proper regard for the rights of his adversary, to elicit all necessary information without disclosing to the jurors the reason prompting the inquiry. Without attempting to mark out a definite course to be pursued in all cases, for that is neither necessary nor practicable, we hold that counsel here overstepped the bounds of fair and legitimate practice. The court erred in overruling appellant's objections. And, in view of the slight margin of evidence in favor of the proposition that respondent himself was not guilty of contributory negligence, we cannot say that the error was not without prejudice to appellant.

The conclusion at which we have arrived renders it unnecessary to consider appellant's complaint of certain questions propounded by respondent's counsel to the witness Mullen, and which appellant contends were an invasion

of the province of the jury and of the kind held objectionable on the first appeal. Doubtless, on the retrial, respondent's counsel, in the examination of the witnesses, will so frame their questions as to avoid any risk of possible error.

Judgment reversed.

Sloane, J., and Thomas, J., concurred.